IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DWIGHT SWEENEY,              )
AIS #187597,                 )
                             )
        Plaintiff,           )
                             )
    v.                       )        CIVIL ACTION NO. 2:10-CV-747-ID
                             )                   [WO]
                             )
LOUIS BOYD, et al.,          )
                             )
        Defendants.          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Dwight Sweeney ["Sweeney"], a state inmate currently incarcerated at the Easterling

Correctional Facility ["Easterling"].  In this complaint, Sweeney alleges correctional officials

violated his right to equal protection with respect to his classification as a restricted offender.

Sweeney names Louis Boyd, Sandra Hayes and Sherry Seals as defendants in this cause of

action.  He seeks monetary damages and requests that the court order the defendants to

remove him from restricted offender status.  *Plaintiff's Complaint - Court Doc. No. 1* at 4.

The defendants filed a special report and supporting evidentiary materials addressing

Sweeney's claim for relief.  Pursuant to the orders entered in this case, the court deems it

appropriate to treat this report as a motion for summary judgment.  *Order of November 29,*

*2010 - Court Doc. No. 20.*  Thus, this case is now pending on the defendants' motion for

summary judgment.  Upon consideration of such motion and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of

---

[1]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

material fact or by showing that the nonmoving party has failed to present evidence in

support of some element of its case on which it bears the ultimate burden of proof. *Id.* at

322-324.

The defendants have met their evidentiary burden and demonstrated the absence of

any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with

appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.

*Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324;

Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to

properly address another party's assertion of fact by [citing to materials in the record

including affidavits, relevant documents or other materials] the court may ... grant summary

judgment if the motion and supporting materials -- including the facts considered undisputed

-- show that the movant is entitled to it.")  A genuine dispute of material fact exists when the

nonmoving party produces evidence that would allow a reasonable fact-finder to return a

verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of
> professional judgment. In respect to the latter, our inferences must accord
> deference to the views of prison authorities. Unless a prisoner can point to
> sufficient evidence regarding such issues of judgment to allow him to prevail
> on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal

citation omitted). Consequently, to survive the defendants' properly supported motion for

summary judgment, Sweeney is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the

plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the

evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Sweeney fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.  *Matsushita*, *supra*.

### III.  DISCUSSION

### A. Absolute Immunity

With respect to any claims Sweeney lodges against the defendants in their official capacities, they are entitled to absolute immunity from monetary damages.  Official capacity

lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his [or her] official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900,  908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendants are state actors entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities.  *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).  Thus,  the defendants are entitled to absolute immunity from those claims for monetary relief presented against them in their official capacities.  *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

## B.  Equal Protection Claim

Sweeney asserts the defendants denied him equal protection because they removed other inmates with similar convictions from restricted offender status while his request for

such treatment has been denied. *Plaintiff's Complaint - Court Doc. No. 1* at 3. The defendants deny this allegation and maintain that correctional officials, in accordance with the classification criteria adopted in October of 2009, removed Sweeney from classification as a restricted offender on October 14, 2010. *Defendants' Exhibit B-1 (Classification Review Worksheet) - Court Doc. No. 18-3.* Although provided an opportunity to respond to these arguments, *Order of November 29, 2010 - Court Doc. No. 20*, Sweeney failed to do so. The defendants further maintain that all decisions regarding Sweeney's classification status occurred in accordance with applicable classification criteria and were based on the circumstances surrounding his conviction.

To establish a claim cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or

8

intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).  Evidence which merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987).

Since this case is before the court on a properly supported motion for summary judgment from the defendants, Sweeney bears the burden of producing evidence which would be admissible at trial sufficient to show that the action of the defendants resulted from intentional discrimination. *Celotex*, 477 U.S. at 322-324; *Waddell*, 276 F.3d at 1279.  The plaintiff cannot rest on conclusory allegations of a constitutional violation to defeat summary judgment nor is "[t]he mere existence of a scintilla of evidence in support of [his] position" sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252; *Waddell*, 276 F.3d at 1279 (conclusory allegations based solely on subjective beliefs are insufficient to oppose summary judgment).  Instead, the law is clear that the plaintiff must present significant probative evidence of intentional discrimination to preclude summary judgment in favor of the defendants. *Anderson*, 477 U.S. at 249.

It is undisputed that Sweeney is not now classified as a restricted offender.  The

defendants likewise adamantly deny they treated Sweeney differently from similarly situated inmates and further argue they did not undertake any action in Sweeney's classification consideration process based on a constitutionally impermissible reason.  In addition, the defendants maintain that the initial decision to classify Sweeney as a restricted offender occurred in accordance with applicable regulations based on the facts underlying his offense.

Initially, the court notes that Sweeney fails to establish that the defendants afforded more favorable treatment to any similarly situated inmate.  Thus, "[Sweeney's] equal protection claim necessarily fails first because he has not shown that he was treated differently from other, similarly situated prisoners." *Sweet*, 467 F.3d at 1319.  Sweeney also completely fails to meet his pleading burden as he does not allege that the defendants subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that the defendants acted in violation of his equal protection rights by treating him differently than other inmates.  As previously noted, the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause.  *E & T Realty*, 830 F.2d at 1114.  In addition, the allegations presented by Sweeney do not warrant an inference of discriminatory intent as the showing of a disparate impact upon inmates is insufficient to demonstrate an equal protection violation.  *Sweet*, 467 F.3d at 1319;  *E & T Realty*, 830 F.2d at 1114-1115; *Horner v. Kentucky High School Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994).  Based on the foregoing, the court concludes that Sweeney's claim of discrimination does not rise to the level of an equal protection

violation and therefore provides no basis for relief in this 42 U.S.C. § 1983 action.

Consequently, the defendants are entitled to summary judgment on this claim.

### C. Custody Classification

To the extent Sweeney maintains he is entitled to placement in a lower custody

classification based on his prison record, he is entitled to no relief as an inmate confined in

the Alabama prison system has no constitutionally protected interest in the procedure

affecting his classification level because the resulting restraint, without more, does not

impose an "atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Francis v. Fox*, 838

F.2d 1147 (11th Cir. 1988); *Jones v. Diamond,* 594 F.2d 997 (5th Cir. 1979).

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be GRANTED.

2.  Judgment be GRANTED in favor of the defendants.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before February 16, 2011 the parties may file objections to this

Recommendation.  Any objections filed must clearly identify the findings in the Magistrate

Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general

objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of iss+ues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of February, 2011.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE